UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.  6: 19-cr-00209-PGB-LRH

IVAN ANDRE SCOTT

### GOVERNMENT'S MOTION TO ADMIT EVIDENCE RELATING TO MEDICARE'S REGULATIONS AND LOCAL COVERAGE DETERMINATIONS

The United States of America files this motion to admit federal statutes, regulations, and Local Coverage Determinations ("LCDs") that govern Medicare, as well as guidance regarding those authorities issued by the Department of Health and Human Services – Office of Inspector General (collectively, the "Medicare Documents").  The Indictment in this case charges the defendant ("Defendant") for his role in a scheme to defraud Medicare by, among other things, causing the submission of false and fraudulent claims to Medicare.  The Medicare Documents are admissible because they:  (1) set forth the types of claims that are properly paid by Medicare; and (2) assist in determining whether the Defendant acted with the intent to defraud.

### LEGAL STANDARD

Under Rule 402 of the Federal Rules of Evidence, "[a]ll relevant evidence is admissible" unless barred by the Constitution, statute, rule, or otherwise.  Here, the government seeks to introduce the following authorities and guidance that provide

1

the rules that providers and individuals must follow to properly submit bills to Medicare and be paid by Medicare:

> Chapter 15 of the Medicare Benefit Policy Manual
>
> Title 42, Code of Federal Regulations, Section 410.32
>
> Title 42, United States Code, Section 1395y
>
> Title 42, United States Code, Section 1395x
>
> Title 42, Code of Federal Regulations, Section 411.15
>
> Volume 61 of the Federal Register, Number 227
>
> Memorandum Report: Coverage and Payment for Genetic Laboratory Tests, OEI-07-11-00011
>
> L35062: LCD for Biomarkers Overview[1]

The failure to abide by the rules set forth in the items listed above result in non-payment of claims by Medicare.

Courts routinely admit Medicare rules and regulations, and testimony relating to those rules and regulations, because such evidence is relevant to determining a criminal defendant's intent to defraud. See e.g., United States v. Willner, (Case No. 11-20100-CR-Seitz); United States v. Negron, (Case No. 10-20767-CR-King); United States v. Macli, (Case No. 11-20587-CR-Lenard). Moreover, the Eleventh Circuit has stated that relevant Medicare billing guidelines are "highly relevant to the issue of what types of claims were properly payable under Medicare, which was certainly

---

[1] The government has produced copies of these authorities to Defendant in discovery, and many are cited in the indictment itself.

one of the key issues in this case . . . . [as well as] whether [the defendant] or anyone else at [the company] was familiar with these provisions [and possessed the] specific intent necessary to commit the crimes in question." United States v. Gold, 743 F.2d 800, 816 (11th Cir. 1984).

## ARGUMENT

In this case, the government seeks to admit applicable Medicare rules and regulations, and testimony associated with those rules and regulations, for the exact same reasons articulated by the Eleventh Circuit in Gold.[2] Specifically, there are rules that govern the payment of cancer genetic tests such as those collected by the Defendant. The Medicare Documents are relevant to determine whether: (a) claims submitted and caused to be submitted by the Defendant are false/fraudulent; (b) if so, whether the Defendant knowingly submitted or caused to be submitted false and/or fraudulent claims with the intent to defraud Medicare.

Finally, the government notes that it will not argue that a violation of the Medicare Documents itself constitutes a crime. As such, the government will work with defense counsel to fashion the appropriate cautionary instruction, to the extent requested and appropriate.

---

[2] The government intends to call Stephen Quindoza, whom it has noticed as an expert in the field of Medicare procedures and processes. Mr. Quindoza is expected to testify about various aspects of claims submission, processing, and payment under the Medicare Program, among other things. Mr. Quindoza will rely, in some measure, on the applicable Medicare Documents in this case to educate the jury on the processing and payment of relevant Medicare claims.

## **CONCLUSION**

For the foregoing reasons, the Medicare Documents and testimony associated with these documents are relevant and should be admitted into evidence at trial.

                Respectfully submitted,

                MARIA CHAPA LOPEZ
                United States Attorney

By:   */s/ Timothy P. Loper*
        Timothy P. Loper
        TRIAL ATTORNEY
        Florida Special Bar No. A5502016
        United States Department of Justice
        Criminal Division, Fraud Section
        12020 Miramar Parkway
        Miramar, Florida 33025
        Tel: (202) 262-6276
        Email: Timothy.Loper@usdoj.gov

## **RULE 88.9 CERTIFICATE**

      I, Timothy Loper, certify that I have conferred with counsel in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 26, 2020 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record via transmission of Notice(s) of Electronic Filing.

                                 *s/ Timothy P. Loper*
                                 Timothy P. Loper