UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:19-cr-209-40LRH

UNITED STATES OF AMERICA,

vs.

IVAN ANDRE SCOTT,

           Defendant.
_____/

**MOTION FOR BOND PENDING APPEAL AND STAY OF SENTENCE**

    COMES NOW, the Defendant, IVAN ANDRE SCOTT, by and through undersigned counsel, pursuant to 18 § U.S.C. 3143(b) and Federal Rules of Criminal Procedure 38(b)(1),(c),(d),(e),(f),(g) and files this *Motion for Bond Pending Appeal And Stay of Sentence*, and in support thereof sets forth:

1. The Defendant was charged with one count of Conspiracy to Commit Health Care Fraud, 18 U.S.C. § 1349, Count No. 1; three counts of Health Care Fraud, 18 U.S.C. § 1347, Counts 2-4; one count of Conspiracy to Defraud the United States (Offer and Pay and Solicit and Receive Healthcare Kickbacks), 18 U.S.C. § 371, Count 5; and, three counts of Receipt of a Kickback in Connection with a Federal Healthcare Program, 42 U.S.C. § 1320-a7b(b)(1)(A), Counts 6-9; in the above Indictment.

2. On January 11, 2012, the jury returned a verdict of Guilty on all counts for Defendant, Ivan Andre Scott.

3. Counts 1-5 carry a maximum penalty of a fine not to exceed $250,000 and/or a term of imprisonment which may not be more than 20 years, and a period of supervised release not to exceed five years.

1

4. Counts 6-9 carry a maximum penalty of a fine not to exceed $100,000 and/or a term of imprisonment which may not be more than 10 years.

5. The PSR report recommends a period of incarceration between 151-188 months, without this Honorable Court's consideration of the multiple grounds for variances, downward departure, or of a just and right sentence under the factors set forth in §3553(a)(1)-(7).

6. On September 26, 2019, Scott was released after processing and has complied with absolutely all conditions of pretrial release, fully complied with the supervision of Pretrial Services, and faithfully appeared at all Judicial Proceedings. (D.E. 7, *Order Setting Conditions of Release*).

7. A judicial officer may release a Defendant found guilty of an offense on bond during the appellate process if it is found that:

    (a) There is clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of others if released under 18 U.S.C. § 3142(b) and (c);

    (b) The appeal is not for the purpose of a delay;

    (c) The appeal will raise a substantial question of law or fact; and

    (d) The appeal will likely result in a reversal or an Order for a new Trial.

8. The standard here is not whether Ivan Scott is likely to succeed on the merits, but whether his appeal poses a "substantial question of law or fact." See *U.S. v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

9. In *U.S. v. Moncrief*, 289 F. Supp. 2d 1311, 1313 (M.D. Ala. 2003), the district court decided an issue of first impression "in the government's favor without the benefit of clear Eleventh Circuit precedent." As such, the court determined that the "issue on appeal present[ed] a "substantial" question, as it "could be decided the other way." (citing *Giancola*, 754 F.2d

at 901). The court also acknowledged that if the legal "issue were decided in Moncrief's favor, it would result in her sentence being vacated." *Id.*

10. As in *U.S. v. Moncrief*, 289 F. Supp. 2d 1311, 1313 (M.D. Ala. 2003), no recent decision of the Eleventh Circuit or the United States Supreme Court has squarely addressed the legal issues presented in Ivan Scott's case. Due to the novel nature of the Operation Double Helix prosecutions nationwide, this is a unique and complex case and the legal issues raised in this case have not been decided by a controlling precedent. The prosecution has presented one legal theory on the Medicare coverage of the CGx testing at issue, but the Defendant has set forth statutory authority and issues of interpretation due to the mandates of the Affordable Care Act that, if decided in favor of Scott, would warrant not only *vacatur* of the convictions, but dismissal of the Indictment altogether.

11. The same legal issues regarding the legal sufficiency of the indictment have been raised in other Operation Double Helix prosecutions, but no district or appellate court has yet decided the legal questions regarding the ACA's mandate for Medicare to cover preventative screening tests on the merits. See *United States v. Patel*, Case No. 19-CR-80181-RUIZ/REINHART, Southern District of Florida, *Pending Motion to Dismiss the Indictment*, D.E. 187. More than 70 cases nationwide have been filed as part of Operation Double Helix. *See* TELEHEALTH CASE TRACKER, *https://tyontelehealth.com/case-tracker/*, last visited 4/13/21. Other than Mr. Scott's case, all related cases have been resolved by plea agreement or are pending trial.

12. Furthermore, *Azar v. Allina Health Services*, 139 S. Ct. 1804 (2019), specifies Due Process requirements for enforcement actions in health care fraud cases under rules, policies, coverage determinations, affecting the substantial rights of Defendants. The Medicare

3

Act's Notice and Comment period must be properly observed or the resulting guidance cannot be used as a basis of enforcement. Here, National Coverage Determination (NCD) 90.2 was directly at issue in Scott's investigation and prosecution. NCD 90.2 has been the subject of controversy nationwide and the deficiencies in the CMS promulgation of 90.2, including the failure to provide a proper notice and comment period, has been addressed by major, reputable medical organizations.

13. The Defendant has filed a Motion to Dismiss (D.E. 147) that more sets forth in more detail the complex, novel issues of first impression that must be addressed in Scott's appeal if the issues are not determined in Scott's favor by this Honorable Court.

14. More particularly, Scott's case presents an issue of first impression and novel question of law on the applicability of the Affordable Care Act ("ACA") provisions that *require* the Medicare program to cover screening tests, which by their nature are not medically necessary. The ACA's statutory language requiring the Medicare program to cover USPSTF recommended screening tests graded A or B is unambiguous. The Scott Indictment, however, does not address whether the more traditional prosecution of Medicare 'fraud' cases involving the coverage of services that are not considered medically necessary is affected as a matter of law by the ACA provisions.

15. Here, the government has never alleged that Scott is a flight risk or that Scott poses a danger to others. The government did not seek pretrial detention of Ivan Scott. (*See* D.E. 6, *Court Minutes*).

16. As confirmed by the facts as stated in the PSR, Ivan Andre Scott has long time roots in the middle Florida area and presents no flight risk whatsoever. He has two children, a loving

4

wife, and is responsible for the challenging caretaking of his elderly, infirm mother who suffers from paranoid schizophrenia and lupus.

17. Ivan Scott's appeal of this matter is not for the purposes of delay, but is based upon the fact that several substantial questions of law and fact are likely to result in dismissal of his indictment or a new trial, if decided in his favor.

18. Mr. Scott is currently self-employed in online social/retail activities entirely unrelated to health care services. If permitted to be released or on bond during appeal he would be able to work from home and help his family, including caring for his elderly, infirm mother.

19. As discussed in Mr. Scott's sentencing memorandum, Mr. Scott leads an otherwise exemplary life, helping the less fortunate and caring for the homeless in our community by providing food, clothing, and monetary support to those in need.

20. Mr. Scott followed all conditions of his pretrial release and the government has not presented any concerns about Mr. Scott that would indicate he is in any way a flight risk.

21. Mr. Scott is hopeful about his appeal and respectful of this Honorable Court's directives at every step.

22. Mr. Scott has maintained his innocence throughout the case and wants to stay firmly rooted with his family and friends who will stand by him throughout the appellate process on the issues he has clearly set forth in other motions that shall be addressed in his appellate proceedings. *See U.S. v. Fernandez,* 905 F.2d 350, 354 (11th Cir. 1990); *see also U.S. v. Price*, 611 F. Supp. 502 (S.D. Fla. 1985).

23. Ivan Scott's case is for a non-violent crime and he has no scorable criminal record. His conviction is not one involving endangerment or bodily injury to others. Several persons have submitted character references on behalf of Ivan Scott, attesting to his dependability,

honesty and trustworthiness as a man of integrity, some of which have affirmed a long-standing relationship with him either personally or through work.

WHEREFORE, the Defendant prays this Honorable Court take the above into consideration, as well as, for the reasons set out in his Sentencing Memorandum, in granting his Motion for Bond or Release Pending Appeal and Stay of Sentence.[1]

Respectfully submitted,

*/s/ Claudia Pastorius*
Claudia Pastorius
Florida Bar No.: 0113597
*Counsel for Ivan Scott*
Claudia T. Pastorius, P.A.
802 E. New Haven Ave.
Melbourne, FL 32901
Tel.: (321) 450-1100
Email: ClaudiaPastorius@gmail.com

## GOOD FAITH CERTIFICATION

Undersigned counsel has conferred with the government, who opposes the relief requested in this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Claudia Pastorius*
Claudia Pastorius, Esq.

---

[1] Federal Rule of Criminal Procedure 38 provides that "*Stay Granted*. If the defendant is released pending appeal, the court must stay a sentence of imprisonment."